1 | Alex Asil Mashiri, Esq. (SBN 283798)
**MASHIRI LAW FIRM**
A Professional Corporation
11251 Rancho Carmel Drive #500694
San Diego, CA 92150
Phone: (858) 348-4938
Fax: (858) 348-4939

Attorney for Plaintiff:
JAIR TORRES

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIR TORRES | Case No. **'16CV0421 H    KSC** |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES** |
| ABC LEGAL SERVICES, INC.; MARIO ARMANDON PRECIADO; and DOES 1 THROUGH 20. | **[DEMAND FOR JURY TRIAL]** |
| Defendants. | |

Plaintiff JAIR TORRES alleges as follows:

## I.
## INTRODUCTION

1. Plaintiff JAIR TORRES (hereinafter referred to as "Plaintiff"), brings this lawsuit against ABC LEGAL SERVICES, INC. (hereinafter "ABC"), MARIO ARMANDON PRECIADO (hereinafter "PRECIADO"), and DOES 1 through 20

(collectively referred to as "Defendants") for violations of the Federal Fair Debt Collection Practices Act ("FDCPA").

2.  Plaintiff seeks actual damages, statutory damages, attorneys' fees and costs, and other relief the Court deems appropriate.

## II.
## PARTIES

3.  Plaintiff is, and at all times mentioned herein was, an individual, residing in the County of San Diego, State of California.

4.  Plaintiff is a "consumer" as defined by 15 U.S.C. section 1692a(3).

5.  Plaintiff is informed and believes, and thereupon alleges, that Defendant ABC is, and at all times mentioned herein was, a corporation, who was conducting and engaging in business in the County of San Diego, California.

6.  Plaintiff is informed and believes, and thereupon alleges, that Defendant ARMANDON is, and at all times mentioned herein was, an individual over 18 years of age, who was conducting and engaging in business in the County of San Diego, California.

7.  Defendants are debt collectors as the term is defined under 15 U.S.C. section 1692a(6). Defendants are not exempt from the FDCPA under 15 U.S.C. section 1692(a)(6)(D). *See Picard v. ABC Legal Services Inc.*, 2015 WL 3465832, at *3 (N.D. Cal. 2015); *Freeman v. ABC Legal Services, Inc.*, 827 F.Supp.2d 1065, 1073 (N.D. Cal. 2011).

8. Defendants attempted to collect a consumer debt as defined under the FDCPA.

9. Plaintiff is ignorant of the true names and capacities of those Defendants sued herein as DOES 1 through 20, and therefore sues those Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when such names and responsibilities are ascertained. Plaintiff is informed and believes and on that basis alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged in this complaint, and that Plaintiff's claims alleged in this complaint were proximately caused by such Defendants.

10. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned each of the Defendant was the agent, servant, employee, or partner of each of the remaining defendants and, in committing the acts and omissions hereinafter alleged, was acting within the course and scope of such agency, employment, partnership, or other business relationship, and were each responsible for the acts and omissions alleged in this complaint.

### III.
### JURISDICTION AND VENUE

11. This Court has jurisdiction under 15 U.S.C. section 1692k(d) and 28 U.S.C. section 1331.

12. This action arises out of violations of the FDCPA. Personal jurisdiction is established, because Defendants engage in business within the State of California,

County of San Diego,

13. Venue is proper pursuant to 28 U.S.C. section 1391.

## IV.
## RELEVANT FACTS

14. Portfolio Recovery Associates, LLC filed a collection lawsuit against Plaintiff in the San Diego Superior Court, in an attempt to collect the alleged debt.

15. Plaintiff is informed and believes, and thereon alleges that Portfolio Recovery Associates, thereafter engaged Defendant ABC to duly and faithfully serve the summons and complaint on Plaintiff.

16. Defendants never served the summons and complaint. Instead, Defendants created a false proof of service, which stated that Plaintiff had been personally served at an address in San Marcos, California, when in fact Plaintiff had not lived at that address at the time the alleged service of process occurred. In fact, Plaintiff had moved from that address months prior to the date of the alleged service of process.

17. At the time of the alleged service of process, Plaintiff did not reside at 613 Richmar Avenue, San Marcos, California, and was never served with the summons and complaint.

18. Defendants then caused the false proof of service to be filed with the San Diego Superior Court.

19. As a result of Defendants' false proof of service, a default judgment was entered against Plaintiff, without Plaintiff's knowledge.

20. It was not until sometime in October 2015, when Plaintiff found out for the first time, that there was a default judgment against him. After finding out, Plaintiff freaked out and panicked, causing him anxiety and emotional distress.

21. Plaintiff was forced to immediately sought counsel for assistance and as a result incurred additional charges, causing him financial harm.

## V.
## FIRST CAUSE OF ACTION
### (Violation of the FDCPA against all Defendants)

22. Plaintiff re-alleges paragraphs 1 through 21, above, as if fully set forth herein.

23. Defendants violated the FDCPA by violating 15 U.S.C. sections 1692d, 1692e, and 1692f.

### COUNT 1

24. Defendants violated 15 U.S.C. section 1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of an alleged debt.

### COUNT 2

25. Defendants violated 15 U.S.C. section 1692e by creating and filing a false affidavit of service.

### COUNT 3

26. Defendants violated 15 U.S.C. section 1692f by using unfair or unconscionable means to collect or attempt to collect an alleged debt.

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

27.   As a result of each and every violation of the FDCPA, as discussed in Counts 1 through 3, Plaintiff has suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, and humiliation, the exact amount of which is to be proven at trial.

28.   As a result of each and every violation of the FDCPA, as discussed in Counts 1 through 3, Plaintiff incurred additional actual damages including, but not limited to, transportation and gasoline costs to the law firm, telephone call charges, copies, postage, and other damages.

29.   As a result of each and every violation of the FDCPA, as discussed in Counts 1 through 3, Plaintiff is entitled to actual damages pursuant to 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 1692k(a)(2)(A); and reasonably attorneys' fees and costs pursuant to 15 U.S.C. section 1692k(a)(3).

## VI.
## PRAYER FOR DAMAGES AND OTHER REMEDIES

1. For actual damages;

2. For statutory damages;

3. For interest according to law;

4. For attorneys' fees;

5. For costs of suit herein incurred; and

6. For other and further relief as the court may deem proper.

Respectfully Submitted,

DATED: February 18, 2016      **MASHIRI LAW FIRM**
A Professional Corporation

By: /s/ Alex Asil Mashiri
Alex Asil Mashiri
Attorney for Plaintiff,
JAIR TORRES